[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #148
On October 27, 1993, the plaintiff, Adolph Ellis, filed a one count revised complaint alleging a claim in defamation against the defendant, Attorney John C. Kucej. The plaintiff alleges in his complaint that he and the defendant were attending a hearing at the Waterbury Workers' Compensation office regarding a claim made by the defendant's client, Mary Weaver. The plaintiff further alleges that prior to the commencement of the hearing the defendant made the following statements: "[T]hat the plaintiff . . . was `prejudice[d]' against his client, was `unprofessional', `incompetent' and he was `nothing but a young boy' with emphasis on the word `boy'. . . ." The plaintiff alleges that such statements were false, malicious, racist and defamatory per se.
The defendant filed an answer, special defenses, and counterclaim, dated, November 4, 1994, in which he pleads a special defense of privilege. On May 29, 1996, the defendant filed a motion for permission to file a summary judgment motion, which was granted by the court, Maiocco, J., on July 1, 1996. The defendant also filed a motion for summary judgment, and accompanying memorandum of law, on the ground that the defendant was privileged in making the remarks alleged. The plaintiff filed a memorandum in opposition on June 13, 1996, to which the defendant filed a reply on June 17, 1996.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together CT Page 5123-NN with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202.
The defendant maintains that any comments he made were privileged because they were made in connection with his representation of his client in regard to a workers' compensation claim. The plaintiff claims that the statements made by the defendant were defamatory and are not encompassed within any privilege.
"The effect of an absolute privilege in a defamation action is that damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously. . . . [L]ike the privilege which is generally applied to pertinent statements made in formal judicial proceedings, an absolute privilege also attaches to relevant statements made during administrative proceedings which are `quasijudicial' in nature. . . . Once it is determined that a proceeding is quasijudicial in nature, the absolute privilege that is granted to statements made in furtherance of it extends to every step of the proceeding until final disposition." (Citations omitted; internal quotations omitted.) Kelly v. Bonney, 221 Conn. 549, 565-66, 606 A.2d 693
(1992). "There is a long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in someway pertinent to the subject of the controversy." (Emphasis added; internal quotation marks omitted.) Petyan v. Ellis,200 Conn. 243, 245-46, 510 A.2d 1337 (1986). "The policy underlying the privilege is that in certain situations the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements." (Internal quotation marks omitted.) Id., 246. "Whether a defamatory communication implicates an interest worthy of protection is a question of law for the trial court to determine. . . ." Bleich v. Ortiz, 196 Conn. 498, 501,493 A.2d 236 (1985).
The parties do not dispute that the statements were made by the defendant, or that the statements were made while the CT Page 5123-OO defendant was representing his client in a workers' compensation proceeding. The parties only dispute, for the purpose of this motion, is whether those statements are encompassed within the absolute privilege regarding judicial, or quasi judicial, proceedings. Looking at the evidence in the light most favorable to the nonmoving party, the evidence does not unquestionably reflect that the statements made by the defendant were in furtherance of the proceeding, or clearly show that they were pertinent to the subject of the controversy. Therefore, although the existence of a privilege is a question of law, there is a genuine issue of material fact as to whether the statements made were in furtherance of the proceeding. Accordingly, the defendant's motion for summary judgment is denied.
BY THE COURT
MAIOCCO, J.